LITTLE ROCK & FT. SMITH RAILWAY COMPANY *v.* STEVENSON.

Opinion delivered May 2, 1896.

NEGLIGENCE—JOINT LIABILITY OF TWO CARRIERS.—A joint judgment recovered against two railroad companies for a personal injury sustained by a passenger through the negligence of trainmen can not be sustained where there is no proof of the joint ownership, operation, or control of the road, but such judgment will be allowed to stand as to one of the defendants, where it admits its liability for whatever damages were sustained.

Appeal from Pope Circuit Court.

JEREMIAH G. WALLACE, Judge.

Suit by Alice Stevenson against the Little Rock & Ft. Smith Railway Company and the Missouri Pacific Railway Company. The facts appear in the opinion of the court.

*Dodge & Johnson,* for appellant.

1. The evidence fails to support the verdict as against the Missouri Pacific Railway Co.

2. The evidence fails to show any negligence on part of defendant.

3. If plaintiff was injured as alleged, it was due solely to her jumping from a moving train. Her action,

under the circumstances, was not only imprudent, but actually reckless and dangerous. Her contributory negligence bars a recovery. 54 Ark. 25; 61 Iowa, 555; 61 Miss. 417; 73 Ind. 579; 30 Am. & Eng. R. Cases, 571; 31 *id.* 45; 1 S. W. 1; 40 Ind. 37; 47 Am. & Eng. R. Cases, 566; *ib.* 576; Wood on Railroads, 1148; 103 N. Y. 441.

*A. S. McKennon*, for appellee.

The instructions given fully state the law. Those refused were properly refused. 54 Ark. 25; 46 *id.* 423.

BUNN, C. J. This is an action for damages for personal injuries, by appellee against the appellant companies. Damages laid at $10,000, and judgment in the trial court for $5,000, from which defendent companies appeal to this court.

The appellee boarded one of the passenger cars of the Little Rock & Fort Smith Railroad at Knoxville, and got off at Piney Station, three miles from Knoxville. In alighting from the car she was seriously hurt. It was alleged that her injuries were occasioned by the servants of the railroad company in not stopping the train a sufficient time for her to alight; and in attempting to do so, as the train was beginning to move out after a brief stoppage at Piney, she was injured as aforesaid. There is evidence sufficient to sustain the verdict of the jury, and there does not appear to be any reversible error in the instructions, which, upon the whole, presented the case fairly to the jury, and the judgment is therefore affirmed as to the cause of action and the amount of damages.

There is, however, another question in the case,—a question of misjoinder of parties defendant. The complaint alleges a joint ownership, operation, and control of the railroad by both the defendants—the Little Rock & Fort Smith, and the Missouri Pacific Railroad Com-

panies,—and consequently a joint liability; and the judg-
ment was against both accordingly. On this part of the
case, the evidence is as follows: In its answer, the Lit-
tle Rock & Fort Smith Company alleges that it alone is
liable for any damages that may be adjudged in the case,
and that its co-defendant was not the owner of the road at
the time, and had no control over it, and nothing to do
with it, nor any interest in it. The Missouri Pacific
answers the same, denying all responsibility in the
matter.

On trial, the conductor of the train involved in the
charge testifies as follows : "Q. Who is operating
this road ? A. The Missouri Pacific. Q. The Mis-
souri Pacific is what it is called? A. To the best of
my knowledge." The ticket about which the plaintiff
had testified being handed to the witness by plaintiff's
counsel, he said: "Q. Is this one of the tickets ? A. Yes sir,
that is one of the tickets. Q. That is a passenger ticket ?
A. Yes sir. Q. That is by the Missouri Pacific Rail-
way ? A. It is operated by the Missouri Pacific and
Iron Mountain. This is not a ticket for that day
though. This is the 24th of September. Some other
conductor let that ticket go by." This admission by
the Little Rock & Fort Smith Railway Company, and
disclaimer by the Missouri Pacific Railway Company,
and the testimony of the conductor, constitute all the
evidence in the case, touching the question of joinder or
misjoinder of the parties. There is no evidence of joint
ownership, joint operation, and control of the road by
the two defendant companies, and therefore no proof of
joint liability. There is a liability, but not a joint
liability. It is a liability of the one or the other of the
two companies. A more explicit and definite showing
of the exact relations existing between the two might
or might not influence our determination of the question,
and make it otherwise than what it is; but, unless such

proof is made, we cannot assent to judgment of joint liability, but must confine it to the one or the other, relieving the one or the other. The testimony of the conductor, and the manner in which he answered the questions propounded to him, and the data from which he evidently derived his knowledge of the subject, all go to show that he knew little or nothing as to the parties owning and operating the road, and that little only from inference, and at the same time most indefinitely. His testimony we do not think sufficient to justify a verdict and judgment against the Missouri Pacific Railway Company. We think, therefore, that the judgment against the latter company should be reversed, and the same is accordingly done. But, as the Little Rock & Fort Smith Railway Company admits its liabilities for whatever damages that may be adjudged in the matter, as to it the judgment is affirmed. Reversed and remanded as to Missouri Pacific Railway Company.